UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CHARLES LLEWLYN,<br>Institutional ID No. 60206-004<br><br>        Petitioner,<br><br>v.<br><br>WARDEN MARTIN FRIEND,<br><br>        Respondent. | No. 5:20-CV-00235-H |

**OPINION AND ORDER**

  Petitioner Charles Llewlyn—an alien federal prisoner against whom an immigration detainer has been lodged—seeks a federal writ of habeas corpus to challenge the execution of his sentence under 28 U.S.C. § 2241 and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. (*See* Dkt. No. 1.) Llewlyn alleges that the detainer is invalid and Respondent is using it to exclude him from various rehabilitation and housing programs that would enable him to earn time credit toward his sentence. Llewlyn claims that this practice violates his due-process and equal-protection rights. He asks the Court to declare the detainer void and enjoin Respondent from relying on it to execute his sentence.

  Respondent answers that the Court should deny Llewlyn's petition because his claims are not cognizable under Section 2241 and the Court does not have jurisdiction to adjudicate them. (*See* Dkt. Nos. 8, 9.) Llewlyn replies that Respondent's analysis of his claims and the Court's jurisdiction to consider them is erroneous. (*See* Dkt. No. 14.)

  For the following reasons, the Court concludes that Llewlyn's petition must be dismissed in part and denied in part.

1. **Background**

Llewlyn—a native and citizen of Jamaica—was convicted on two federal drug-trafficking charges in 2000 and 2001. (*See* Dkt. 9 at 6–8.) He is currently incarcerated at the Giles W. Dalby Correctional Facility, which the Federal Bureau of Prisons (BOP) uses to house deportable aliens. (*See* Dkt. No. 8 at 3.) In 2001, the Immigration and Naturalization Service (INS)[1] issued an immigration detainer against Llewlyn based on its determination that he may be subject to removal from the United States upon his release BOP custody, which is projected to occur on July 11, 2024. (*Id.* at 3–4.)

2. **Discussion**

    A. **28 U.S.C. § 2241**

Section 2241 is the proper procedural vehicle for a prisoner to challenge the execution of his sentence. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). A claim challenging the denial of entry into a rehabilitation program is properly raised under Section 2241. *See Gallegos-Hernandez*, 688 F.3d at 194 (citations omitted).

For a court to have habeas jurisdiction under Section 2241, the prisoner must be "in custody" at the time he files his petition for the conviction or sentence he wishes to challenge. *Zolicoffer v United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (citing *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000)). Usually, "custody" signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction. *Id.* A prisoner is not "in custody" for purposes

---

[1] Llewlyn claims that the immigration detainer was issued by a "now-defunct federal agency." He is incorrect. The U.S. Immigration and Customs Enforcement (ICE) was created in March 2003 by combining the law-enforcement arms of the former INS and U.S. Customs Service. *See* www.ice.gov.

of Section 2241 simply because the INS has lodged a detainer against him. *See Zamarripa-Torres v. Bureau of Immigration and Customs Enf't*, 347 F. App'x 47, 48 (5th Cir. 2009) (citing *Zolicoffer*, 315 F.3d 538, 541 (5th Cir. 2003)).

### B.   The APA

The APA provides that, under certain circumstances, a person may seek judicial review for an alleged legal wrong because of federal-agency action. *See* 5 U.S.C. § 702. However, there is an express exception—courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* at §§ 701(a)(1) and (2).

## 3.   Analysis

Llewlyn raises two distinct claims. First, he claims that the immigration detainer is invalid because it is "not supported by a warrant and probable cause." Second, Llewlyn claims that—solely because of the detainer—he is prohibited from participating in various (BOP) rehabilitation and housing programs that could potentially reduce his sentence.

### A.   Claims Under Section 2241

#### i.   Challenge to Detainer

To the extent that Llewlyn challenges the detainer's validity, the Court concludes that it does not have jurisdiction to adjudicate this claim under Section 2241. It is undisputed that Llewlyn is currently being held in federal custody pursuant to his judgments of criminal conviction—not his immigration detainer. As previously noted, the mere fact that ICE has lodged a detainer against Llewlyn does not render him "in custody" for purposes of Section 2241. *See Zamarripa-Torres v. Bureau of Immigration and Customs Enf't*,

347 F. App'x 47, 48 (5th Cir. 2009) (citing *Zolicoffer v. United States DOJ*, 315 F.3d 538, 541 (5th Cir. 2003)).

### ii.  Program and Housing Exclusion

The Court concludes that Llewlyn's claim that the detainer is unlawfully excluding him from BOP programs that could potentially reduce his sentence is specifically foreclosed by *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). In *Gallegos-Hernandez*, the United States Court of Appeals for the Fifth Circuit held that inmates with ICE detainers have no due-process or equal-protection rights to participate in rehabilitative and early-release programs. *Id.* at 194–96.

To the extent that Llewlyn claims that the detainer makes him ineligible for home confinement or placement in a halfway house, the Court concludes that his claim likewise fails. As noted by Respondent, a prison inmate does not have a protectable liberty or property interest in his custodial classification and does not have a constitutional right to be housed in a particular facility, including ones where rehabilitation programs are available. *See Wolters, v. Federal Bureau of Prisons*, 352 F. App'x 926, 928 (5th Cir. 2009) (citations omitted); *see also Gallegos-Hernandez*, 688 F.3d at 195.

### B.  Claims Under the APA

In his petition, Llewlyn asks the Court to issue a writ of habeas corpus under the APA. To the extent that Llewlyn is asking the Court to review the BOP's decisions regarding his eligibility to participate in various programs under the APA, the Court concludes that it does not have jurisdiction to do so. Although Llewlyn does not explicitly state so, he appears to claim that the BOP made erroneous determinations under unspecified provisions of the "Imprisonment" subchapter of Title 18 of the United States Code, which governs how the BOP implements various aspects of federal imprisonment,

including housing placement, program eligibility, and accumulation of time credit. *See* 18 U.S.C. §§ 3621–3626.

However, as previously noted, the APA specifically prohibits judicial review of agency action when a statute precludes it. *See* 5 U.S.C. § 701(a)(1). Here, Section 3625 explicitly states that the APA does not apply to the making of any determination, decision, or order made under the "Imprisonment" subchapter. *See* 18 U.S.C. § 3625.

Thus, the Court concludes that it is prohibited from reviewing any such statutory determinations made by the BOP under the APA. *See, e.g., Reeb v. Thomas*, 636 F.3d 1224, 1226-27 (9th Cir. 2011); *McCoy v. Zook*, No. 3:20-CV-1051-B (BT) (N.D. Tex. March 3, 2021); *Chimney v. United States*, No. 4:05-CV-261-Y (N.D. Tex. Sept. 9, 2005).

**4.  Conclusion**

For these reasons, the Court concludes that Llewlyn has failed to demonstrate that he is entitled to the relief that he seeks under Section 2241 and the APA. Specifically, the Court concludes that it lacks jurisdiction to adjudicate Llewlyn's claims under the APA or his substantive challenge to the immigration detainer under Section 2241. In addition, the Court concludes that Llewlyn's remaining claims should be denied on their merits.

Any pending motions are denied as moot.

So ordered.

The Court will enter judgment accordingly.

Dated February 28, 2022.

                                        _____
                                        JAMES WESLEY HENDRIX
                                        United States District Judge